## COMMONWEALTH vs. BENJAMIN S. WRIGHT.

An indictment charging that the defendant "knowingly, wilfully and without having any legal appointment or authority therefor" kept and maintained a tenement in Boston "by him used for the illegal sale and illegal keeping for sale of intoxicating liquors, to the great injury and common nuisance of all the peaceable citizens of the Commonwealth there residing, inhabiting and passing," duly charges a violation of the Gen. Sts. c. 87 §§ 6, 7.

INDICTMENT charging that the defendant, during a specified time, at Boston, "knowingly, wilfully and without having any legal appointment or authority therefor, did keep and maintain a certain common nuisance, to wit, a tenement in said city of Boston, . . . . by him used for the illegal sale and illegal keeping for sale of intoxicating liquors, to the great injury and common nuisance of all the peaceable citizens of said commonwealth there residing, inhabiting and passing, against the peace," &c.

After a verdict of guilty in the superior court, the defendant moved for leave to file a motion in arrest of judgment, and presented such motion accordingly, assigning for cause that the indictment contained no sufficient allegation that the defendant was not legally authorized and appointed to sell and to keep for sale intoxicating liquors. This motion was overruled by *Russell*, J., and the defendant alleged exceptions.

*G. A. Somerby & F. F. Heard*, for the defendant.

*Reed*, A. G., for the Commonwealth.

GRAY, J. The objections taken by the defendant were not open in arrest of judgment. *St.* 1864, *c.* 250, § 3. *Commonwealth* v. *Walton*, 11 Allen, 238. But as the motion was entertained by the judge presiding in the superior court, we have considered them, and find them to be groundless. The averment that the defendant "knowingly, wilfully and without having any legal appointment or authority therefor," kept and maintained a tenement in Boston, "by him used for the illegal sale and illegal keeping for sale of intoxicating liquors, to the great injury and common nuisance of all the peaceable citizens of the Commonwealth there residing, inhabiting and passing,"

duly charges a violation of the Gen. Sts. *c.* 87, §§ 6, 7, with more fulness and precision than has been held sufficient in numerous cases. *Commonwealth* v. *Kimball,* 7 Gray, 328. *Commonwealth* v. *Kelly,* 12 Gray, 175. *Commonwealth* v. *Howe,* 13 Gray, 26. *Commonwealth* v *Foss,* 14 Gray, 50. *Commonwealth* v *Edds,* Ib. 406. *Exceptions overruled.* .